## WALTER M. MIPS *v.* BECON, INC.
### (AC 21492)

Lavery, C. J., and Dranginis and Healey, Js.

Argued April 25—officially released June 25, 2002

*Richard E. Hayber*, for the appellant (defendant).

*Marc P. Mercier*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this wrongful termination action, the defendant, Becon, Inc., appeals from the judgment of the trial court rendered following the denial of its motions for a directed verdict and to set aside the verdict with respect to the count of negligent misrepresentation. On appeal, the defendant claims that the trial court improperly denied its motions because insufficient evidence existed to support a finding of reliance, an element of the tort of negligent misrepresentation. We affirm the judgment of the trial court.

The following facts are pertinent to this appeal. The defendant, a manufacturing company, employed the

plaintiff as a purchasing manager in April, 1993. As a purchasing manager, the plaintiff procured the necessary materials from various suppliers for the defendant's production line. On July 17, 1997, the defendant terminated the plaintiff's employment on the ground that the plaintiff's job performance was inadequate. Specifically, the defendant found the plaintiff's performance lacking because in his dealings with a company called Mahoney Fittings, Inc., one of the defendant's primary suppliers of fittings, the plaintiff often failed to obtain competitive bids from other suppliers.

The plaintiff subsequently filed this action against the defendant, alleging breach of the implied covenant of good faith and fair dealing, intentional and negligent infliction of emotional distress, breach of contract, intentional misrepresentation, promissory estoppel and negligent misrepresentation. With respect to the negligent misrepresentation count, the plaintiff alleged that the defendant "directed, ordered, and/or otherwise authorized" him to deal with Mahoney Fittings, Inc., as a preferred supplier and to purchase products from Mahoney Fittings, Inc., without resorting to competitive bidding. A jury trial ensued. At the conclusion of the trial, the trial court granted the defendant's motion for a directed verdict as to counts one through six and denied the motion as to the counts alleging intentional misrepresentation, promissory estoppel and negligent misrepresentation. The jury found in favor of the plaintiff on the negligent misrepresentation claim and awarded him damages in the amount of $11,135.[1] The defendant then moved to set aside the verdict on the ground that the plaintiff failed to prove that he had relied on any of its assertions, which the trial court denied. This appeal followed.

[1] The jury awarded $13,100 in economic damages to the plaintiff, but attributed 15 percent of that amount to the plaintiff's contributory negligence. Therefore, the net award was $11,135.

In essence, the defendant raises one issue on appeal, namely, that the trial court improperly denied his motions for a directed verdict and to set aside the verdict because insufficient evidence existed to support the jury's finding in favor of the plaintiff on the count of negligent misrepresentation. Specifically, the defendant claims that the trial court improperly denied his motions when there was insufficient evidence to support a finding that the plaintiff relied on any of its alleged assertions. We are not persuaded.

"Whether evidence supports a claim of fraudulent or negligent misrepresentation is a question of fact. . . . [Our Supreme Court] has long recognized liability for negligent misrepresentation. . . . The governing principles are set forth in . . . § 552 of the Restatement Second of Torts [1977]: One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information. . . . [T]he plaintiff need not prove that the representations made by the [defendant] were promissory. It is sufficient . . . that the representations contained false information." (Citations omitted; internal quotation marks omitted.) *Citino* v. *Redevelopment Agency*, 51 Conn. App. 262, 273–74, 721 A.2d 1197 (1998). "There must be a justifiable *reliance* on the misrepresentation for a plaintiff to recover damages." (Emphasis added.) Id., 275.

Our well settled standard of review for a motion to direct a verdict is the same as that employed for a motion to set aside a verdict. *Suarez* v. *Sordo*, 43 Conn. App. 756, 759, 685 A.2d 1144 (1996), cert. denied, 240 Conn. 906, 688 A.2d 334 (1997). "Our review of the trial court's refusal to [grant the motions] requires us to

consider the evidence in the light most favorable to the prevailing party, according particular weight to the congruence of the judgment of the trial judge and the jury, who saw the witnesses and heard their testimony. . . . The verdict will be set aside and judgment directed only if we find that the jury could not reasonably and legally have reached their conclusion. . . . While it is the jury's right to draw logical deductions and make reasonable inferences from the facts proven . . . it may not resort to mere conjecture and speculation. . . . If the evidence would not reasonably support a finding of the particular issue, the trial court has a duty not to submit it to the jury." (Citations omitted; internal quotation marks omitted.) *Sandella* v. *Dick Corp.*, 53 Conn. App. 213, 218–19, 729 A.2d 813, cert. denied, 249 Conn. 926, 733 A.2d 849 (1999).

After thoroughly reviewing the record and transcripts, we conclude that the jury reasonably could have found that the plaintiff relied on the defendant's assertions. Ample evidence exists in the record to support such a finding. We, therefore, conclude that the trial court properly denied the defendant's motions for a directed verdict and to set aside the verdict with respect to the count of negligent misrepresentation.

The judgment is affirmed.