RICHARD KOROLYSHUN, ADMINISTRATOR
(ESTATE OF MARGUERITA MCMULLEN) *v.*
KEVIN CONDON, ADMINISTRATOR
(ESTATE OF PAUL GNALL)
(AC 22278)

Mihalakos, Flynn and Hennessy, Js.

Submitted on briefs September 16—officially released November 12, 2002

*Michael Feldman* filed a brief for the appellant (defendant).

*William F. Gallagher, Hugh D. Hughes* and *Stephen Jacques* filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant in this wrongful death action, Kevin Condon, acting in his capacity as the administrator of the estate of Paul Gnall, appeals from the judgment of the trial court, rendered after a jury trial, in favor of the plaintiff, Richard Korolyshun, acting

in his capacity as the administrator of the estate of Marguerita McMullen. On appeal, the defendant argues that the court improperly denied his motion for a directed verdict or, in the alternative, his motion to set aside the verdict, on the basis of insufficient evidence. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. At the time of the incident underlying this appeal, McMullen was seventy-seven years old and Gnall was sixty-four years old. McMullen and Gnall resided together in a single-family home in Seymour. From all accounts, McMullen and Gnall were quiet companions who shared an interest in their pets. McMullen typically tended to inside chores, such as cooking and housekeeping, and was known to keep things tidy. She did not perform chores typically performed outdoors. In contrast, Gnall performed chores outside of the house and other chores that would have been cumbersome for McMullen, who was less active physically than Gnall. He spent a lot of time in his yard and in his basement, and kept both areas strewn with garbage and junk. In contrast to McMullen's tidy kitchen on the upper floor of the house for which she cared, the basement was cluttered.

A wood burning stove, used to burn both wood and garbage, was located in the basement of the house. Gnall chopped wood for the stove and kept a woodpile in front of his garage near an area where ashes were dumped after being removed from the stove. On the evening of March 13, 1997, Gnall cleaned ashes from the wood stove and placed them in either a cardboard box or in a paper bag near the stove. An ember in the ashes ignited a fire that spread through the home and, ultimately, led to the deaths of both McMullen and Gnall. Investigators found Gnall's body on the enclosed rear porch of the house. He had a lighter in his pocket. McMullen's body was found in the upstairs hallway of

the house. Both victims perished as a result of smoke inhalation.

The plaintiff thereafter filed this action seeking monetary damages. He alleged that Gnall's negligence in handling and discarding the ashes from the stove caused McMullen's death. The jury awarded the plaintiff $150,000. The court denied the defendant's motion for a directed verdict at the close of the evidence and thereafter denied the defendant's motion to set aside the verdict. The defendant thereafter brought the present appeal.

The defendant's appeal focuses on the issue of causation. The defendant argues that the evidence adduced at trial did not support a finding that Gnall handled or disposed of the ashes from the stove on the night of the fire or at any other time. The defendant preserved that issue for our review in his motion for a directed verdict and in his motion to set aside the verdict.

Our standard of review of the court's refusal to grant the motions "requires us to consider the evidence in the light most favorable to the prevailing party, according particular weight to the congruence of the judgment of the trial judge and the jury, who saw the witnesses and heard their testimony. . . . The verdict will be set aside and judgment directed only if we find that the jury could not reasonably and legally have reached their conclusion. . . . While it is the jury's right to draw logical deductions and make reasonable inferences from the facts proven . . . it may not resort to mere conjecture and speculation. . . . If the evidence would not reasonably support a finding of the particular issue, the trial court has a duty not to submit it to the jury." (Internal quotation marks omitted.) *Mips* v. *Becon, Inc.*, 70 Conn. App. 556, 558–59, 799 A.2d 1093 (2002). "Our standard of review, where the trial court's action on a motion to set aside a verdict is challenged, is whether

the trial court clearly abused its discretion. . . . The decision to set aside a verdict is a matter within the broad legal discretion of the trial court and it will not be disturbed unless there has been a clear abuse of that discretion." (Internal quotation marks omitted.) *Murray* v. *Taylor*, 65 Conn. App. 300, 306, 782 A.2d 702, cert. denied, 258 Conn. 928, 783 A.2d 1029 (2001).

In its memorandum of decision denying the defendant's motion to set aside the verdict, the court stated that the case "present[ed] extremely close questions regarding sufficiency of evidence and causation. However, the court has determined that the jury's verdict has adequate, although hardly abundant, support in the evidence." After thoroughly reviewing the evidence adduced at trial, we agree with the court and conclude that the jury reasonably could have found that Gnall caused the fire that caused McMullen's death.

Despite hotly contesting several issues at trial, the defendant does not contest on appeal the fact that inappropriate disposal of ashes from the stove caused the fire. The parties also appear to agree that either McMullen or Gnall removed and disposed of the ashes; the defendant did not attempt to prove at trial, nor does he claim on appeal, that a third party was in the house on the night of the fire. At trial, the parties elicited testimony concerning the age, and everyday habits and traits of both McMullen and Gnall. For example, except when taking a bus, McMullen was not seen outside the house. Gnall often was spotted chopping wood in an area where ashes had been thrown for some time. McMullen had objected to Gnall's lack of neatness. It was not unreasonable for the jury to infer that it was more likely than not that Gnall, rather than McMullen, removed the ashes from the cellar stove for which Gnall cut the wood, which fueled the stove, when the ashes from prior fires were deposited near his wood chopping

area. The reasonable and logical inferences that our law permitted the jury to draw support the jury's verdict.

The defendant points out that the plaintiff did not proffer any direct evidence to demonstrate that Gnall had caused the fire. The plaintiff did not need to do so. Our law required the plaintiff to prove, by a preponderance of the evidence, that Gnall more likely than not caused the fire. The plaintiff was free to satisfy her burden of proof by persuading the jury to rely on circumstantial evidence. The universe of potential tortfeasors in this case was limited to two persons; the jury was faced with the task of deciding which party, either McMullen or Gnall, more likely than not disposed of the ashes from the stove on the night of the fire. The evidence supported its finding that Gnall more likely than not did so and that his actions caused McMullen's death. Accordingly, we conclude that the court properly denied the defendant's motion for a directed verdict and that its decision to deny the defendant's motion to set aside the verdict reflected a sound exercise of its discretion.

The judgment is affirmed.